## B. R. McGRATH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 495. Promulgated April 29, 1927.

*H. G. Wellensiek, Esq.*, for the petitioner.
*L. C. Mitchell, Esq.*, for the respondent.

In this proceeding the petitioner seeks a redetermination of his tax liability for the year 1921, for which the Commissioner determined a

deficiency in income tax in the sum of $133.20. The issues are: First, the gain realized in 1921 from the sale of real estate; and, second, the amount to be allowed as a deduction for depreciation on an automobile.

### FINDINGS OF FACT.

The petitioner purchased a farm in 1914 at a cost of $16,000. This farm he sold in 1921 for $21,600. In his return for the year in question, the petitioner added to the amount of the cost the amount of $1,050, being the cost of improvements, and subtracted the total from the sales price. The improvements on the premises at the time of purchase had a cash value of $3,000. In 1914 a fence was constructed at a cost of $60; in 1916 a corn crib at a cost of $165; in 1917 fencing at a cost of $450 and a windmill at a cost of $130; and in 1918, fencing at a cost of $255; an addition to the barn cost $320; or a total of $1,380. In addition the petitioner expended $210 for alfalfa seed sown on the premises. The petitioner alleged that he was entitled to depreciation on the improvements at the rate of 10 per cent and the Commissioner admitted that this was a proper rate of depreciation. Subsequently and at the hearing, the petitioner sought to prove that this rate was excessive.

In 1919 the petitioner purchased an Oldsmobile coupe at a cost of $2,100. For the year in question he deducted on his return as depreciation on the automobile the sum of $500, which was allowed. The car was used by the petitioner entirely in his business. The Commissioner determined the cost of the automobile to be $1,500 and the estimated useful life of the car to be three years and allowed depreciation at the rate of 33⅓ per cent.

### OPINION.

GREEN: The evidence adduced as to the proper rate of depreciation is not sufficient to enable us to determine the correct rate. There is evidence as to the life of some of the buildings, but except as to those added after the purchase there is no evidence as to their cost and there is no testimony relating specifically to those buildings as to which there is evidence of cost. Upon such a record we must affirm the rate of 10 per cent adopted by the Commissioner.

The gain on the sale should be computed by adding to the purchase price the cost of the improvements, which we have found to be $1,590; deducting from this amount depreciation at the rate of 10 per cent, and subtracting the amount so obtained from the sales price. The amount of $210 expended in the purchase of alfalfa seed may properly be added to the basis for gain or loss but for lack of evidence may not be included as a basis for depreciation.

The rate of depreciation used by the Commissioner, namely, 33⅓ per cent, should be applied to the cost of the automobile, which we have found to be $2,100. This results in an increase in the deduction in the sum of $200.

> *Judgment will be entered after 15 days' notice, under Rule 50.*